IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVEL MANUFACTURING COMPANY, INC. A Wisconsin Corporation, | § § § § | |
| Plaintiff, | § § | Case No. _____ |
| v. | § § § | |
| KOBA INTERNET SALES, LLC A Texas Limited Liability Company, and | § § § § | |
| DOMAINS BY PROXY, INC. An Arizona Corporation, | § § § § | Jury Trial Demanded |
| Defendants. | § § | |

**COMPLAINT**

Plaintiff, Marvel Manufacturing Company, Inc. ("Marvel"), by its undersigned attorneys, as and for its complaint against the Defendants Koba Internet Sales, LLC ("Koba") and Domains By Proxy, Inc. ("DBP"), alleges as follows:

**I.    Nature of the Action**

1.    This is an action for (a) infringement of a federally registered trademark, a violation of 15 U.S.C. § 1114, (b) trademark dilution, a violation of TEX. BUS. AND COMM. CODE § 16.29, (c) unfair competition, unjust enrichment, and misappropriation under the common law of Texas, (d) cybersquatting, a violation of 15 U.S.C. § 1125(d), and (e) unfair competition, a violation of 15 U.S.C. § 1125.

**II.    Jurisdiction and Venue**

2

2. This court has jurisdiction by virtue of the fact that this is a civil action under the United States Trademark Act (15 U.S.C. § 1051 *et seq.*), jurisdiction being conferred in accordance with 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 1338.

3. Venue is proper in this district under 28 U.S.C. § 1391 at least because defendant Koba is located in Houston, Texas and because Defendants have committed and continue to commit tortious acts as alleged in this Complaint in the State of Texas and in this District.

### III.   Parties

4. Plaintiff Marvel Manufacturing Company, Inc. is a Wisconsin corporation with a principal place of business at 3501 Marvel Drive, Oshkosh, Wisconsin 54902.

5. Defendant Koba Internet Sales, LLC is a Texas Limited Liability Company with a principal place of business at 9502 East Hardy Road, Houston, Texas 77270.

6. Defendant Domains by Proxy, Inc. is an Arizona Corporation with a principal place of business at 14455 N. Hayden Rd. #219, Scottsdale, Arizona 85260.

### IV.   Facts

7. Marvel has been designing and manufacturing the highest quality metal cutting sawing machines available for nearly a century. Marvel sells a complete line of MARVEL bandsaw machines worldwide including vertical tilting bandsaws, horizontal bandsaws, double column bandsaws, vertical contour bandsaws, block and plate bandsaws, carbide circular saws, hydraulic ironworkers and metalworking equipment. Marvel also sells replacement parts and equipment for all of its sawing machines.

8. Marvel adopted the MARVEL trademark in 1905 for use in connection with its sales of high quality sawing machines and parts therefore. As a result of Marvel's substantial investment of time, skill and other resources, the MARVEL trademark is widely recognized as

indicating Plaintiff's sawing machines and parts therefore, and has become one of the most well known and distinctive trademarks.

9. Marvel owns United States Trademark Registration No. 207,685, which issued in 1926, for the MARVEL trademark for use in connection with "hack sawing machines, band sawing machines, hack-saw blades, band-saw blades." A copy of the Certificate of Registration for the MARVEL trademark is attached as **Exhibit A**.

10. The Certificate of Registration for the MARVEL trademark constitutes conclusive evidence of the validity of the registered mark, of Marvel's ownership of the mark, and of the Marvel's exclusive right to use the mark in connection with the goods specified in the registration under 15 U.S.C. 1115. In addition, Marvel's federally registered "MARVEL" mark is incontestable.

11. Marvel has sold millions of dollars worth of sawing machines and parts therefore under the MARVEL trademark and has spent just under $2.5 million dollars ($2,500,000.00) since 2004 on advertising and promoting its sawing machines and parts therefore under the MARVEL brand and trademark.

12. Marvel owns and operates the domain name marvelsaws.com, which is currently directed to Marvel's sawing.com homepage. Marvel also operates a website for selling genuine MARVEL band sawing machines and replacement parts for its sawing machines at marvelsaws.com.

13. Marvel also sells genuine MARVEL brand sawing machine replacement parts through its authorized distributors.

14. Marvel exercises great care in the selection of its distributors and exerts substantial effort to control the nature and quality of the goods and services provided by such entities under the MARVEL trademark.

15. Marvel and its authorized distributors are the only parties authorized to use the MARVEL trademark in connection with the sale, distribution, or advertising of any MARVEL brand goods and services.

16. Marvel discovered Koba's registration and use of the marvelsawparts.com domain name in 2007. Upon discovery of the Koba's website at marvelsawparts.com, Marvel, through its attorneys, sent a demand letter to Koba. A copy of the demand letter is attached hereto as **Exhibit B**.

17. Koba has registered at least the following additional domain names that utilize and infringe on Marvel's mark including:

- marvel8guides.com (March 30, 2008);
- marvelbladeguides.com (December 22, 2006);
- marvelsaw.com (March 10, 2003);
- marvelsawrepair.com; (December 8, 2004);
- marvelsawservice.com (December 4, 2008);
- marvelupperbandwheel.com (January 11, 2009);
- houstonmarvelsawrepair.com (December 8, 2008) and
- houstonmarvelsawservice.com (December 8, 2008)

(collectively, the "Infringing Domain Names"). Registration information as of August 22, 2011 for each of the aforementioned Infringing Domain Names is attached hereto as **Exhibit C**. Many of these domain names were registered after Koba received notice of Marvel's objections.

18. On August 22, 2011, Koba's websites at marvelbladeguides.com and marvelsawparts.com were fully interactive e-commerce websites designed to allow consumers to shop online by adding items to an electronic shopping cart and to check out and pay for purchases all while online. Koba's wesbites at marvel8guides.com, marvelsaw.com and marvelupperbandwheel.com websites directed consumers who clicked on parts to a fully interactive website at bandsawparts.com to purchase replacement parts for sawing machines.

19. On October 13, 2011, Marvel filed a lawsuit against Koba in the Eastern District of Wisconsin alleging cybersquatting under 15 U.S.C. 1125(d), trademark infringement and unfair competition ("the Wisconsin case").

20. On June 28, 2012, the court dismissed the Wiconsin case for lack of personal jurisdiction over Koba.

21. The Internet Corporation for Assigned Names and Numbers ("ICANN") requires all domain name owners to provide contact information to the WHOIS database.

22. Upon information and belief, after dismissal of the Wisconsin case and in an effort to hide its wrongful conduct from a new lawsuit, Koba removed the websites at the following domain names and engaged Domains by Proxy, LLC, a so-called domain "privacy" service, so that it can hold the following domain names in secret and without disclosing its identity as required by ICANN:

- marvel8guides.com;
- marvelbladeguides.com;
- marvelsaw.com;
- marvelsawrepair.com;
- marvelsawservice.com;

6

- marvelupperbandwheel.com;
- houstonmarvelsawrepair.com and
- houstonmarvelsawservice.com

Defendant DBP allows its customers to, among other things, hide the true identity of the owner of a wrongfully held domain name. Defendant DBP, acting as an agent for Defendant Koba, has allowed Koba to wrongfully hide its identity as the owner of the infringing and wrongfully held domain names.

23.     Upon information and belief, Koba is operating a fully interactive e-commerce website at the domain name marvelsawparts.com offering inferior quality, non-MARVEL replacement parts for MARVEL sawing machines.

24.     The marvelsawparts.com domain name is identical or confusingly similar to Plaintiff's MARVEL trademark because it consists of and incorporates Plaintiff's MARVEL trademark.

25.     Marvel has no control over the replacement parts advertised for sale as Marvel parts on the websites located at the marvelsawparts.com website.

26.     None of the parts sold at marvelsawparts.com is a genuine MARVEL part.

27.     Koba is neither a licensee of Marvel nor an authorized dealer or distributor of Marvel parts. The parts advertised for sale on the marvelsawparts.com website are of the same type and are intended for the same purpose and the same class of purchasers as the genuine parts offered for sale by Marvel and its authorized distributors. Because Marvel exercises close supervision of and sets high standards for authorized Marvel distributors, Marvel has a strong interest in preventing unauthorized persons from using the MARVEL trademark in connection with the manufacture, sale, or advertisement of sawing machines and parts therefore.

28. The Infringing Domain Names are identical or confusingly similar to Plaintiff's MARVEL trademark because they consist of and incorporate Plaintiff's MARVEL trademark.

29. Koba has used, uses and will use in the future, websites located at the Infringing Domain names to sell non-MARVEL parts to unwitting consumers or to direct consumers to its e-commerce sites at marvelsawparts.com and marvelbladeguides.com, which sell non-MARVEL parts.

30. Marvel has no control over the replacement parts advertised for sale as Marvel parts on the websites located at the Infringing Domain Names.

31. None of the parts sold at any of the Infringing Domain Names was a genuine MARVEL part.

32. Koba is neither a licensee of Marvel nor an authorized dealer or distributor of Marvel parts. The parts advertised for sale on the Infringing Domain Names are of the same type and are intended for the same purpose and the same class of purchasers as the genuine parts offered for sale by Marvel and its authorized distributors. Because Marvel exercises close supervision of and sets high standards for authorized Marvel distributors, Marvel has a strong interest in preventing unauthorized persons from using the MARVEL trademark in connection with the manufacture, sale, or advertisement of sawing machines and parts therefore.

33. Marvel has owned and used the sawing.com website since approximately 1998. The sawing.com website provided advertising and information about Marvel's saws.

34. In late 2009, Marvel made a decision to create an e-commerce website to sell parts for Marvel's machines. Marvel's e-commerce website went live in March 2010. Through the process of building its business online, Marvel became more acutely aware of Koba's

8

infringing activities and the impact that these infringing activities have on Marvel's mark and business.

35. Customers call Marvel in search of parts and ask for parts using the prefix "P AB" which, upon information and belief, is the prefix Koba uses to identify non-Marvel replacement parts for Marvel saws on its website.

36. Since its discovery of Koba's infringing activities and their increasing impact, Marvel has acted diligently to protect its mark.

37. Koba's registration of multiple Infringing Domain Names attempts to corner the market on Marvel domain names and deprives Marvel from using these domain names.

38. Marvel must protect its mark in order to prevent Koba's past, current and likely future infringing conduct.

39. Upon information and belief, Koba has not been prejudiced during the time that elapsed between Marvel's knowledge of Koba's infringing activities and the start of this claim, and in fact, Koba has benefited by continuing to knowingly and willfully infringe on Marvel's mark to its economic gain.

40. Marvel has been and continues to be damaged by Koba's actions.

41. The public interest will be furthered by enjoining Koba's wrongful conduct, as such, an injunction will protect members of the public from confusion and deception into thinking, incorrectly, that Koba's websites are licensed by or otherwise lawfully associated with Marvel or its MARVEL mark.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**

42. Marvel repeats and realleges the allegations of Paragraphs 1 through 41 above as if fully set forth herein.

43. Koba's actions have caused and are likely to cause confusion, mistake or deception, in violation of 15 U.S.C. § 1114(1) and the common law of the State of Texas.

44. Koba's infringement of Marvel's trademark rights has been intentional and willful, making this case exceptional within the meaning of 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION UNDER THE LANHAM ACT

45. Marvel repeats and realleges the allegations of Paragraphs 1 through 44 above as if fully set forth herein.

46. Koba's use of the Infringing Domain Names in addition to other unfair uses of the MARVEL trademark in the websites located at the Infringing Domain Names, in the [bandsawparts.com](bandsawparts.com) website and in the metatags for the websites is likely to cause confusion and deception as to the affiliation, connection or association of Koba's websites with Marvel or its MARVEL trademark.

47. Such actions have and are likely to continue to cause confusion or to cause mistake or deceive in violation of 15 U.S.C. § 1125.

## THIRD CAUSE OF ACTION
## VIOLATION OF TEX. BUS. & COMM. CODE § 16.29

48. Marvel repeats and realleges the allegations of Paragraphs 1 through 47 above as if fully set forth herein.

49. Defendants' wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive MARVEL mark and are likely to injure Plaintiff's business reputation, in violation of TEX. BUS. & COMM. CODE § 16.29.

50. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged.

## FOURTH CAUSE OF ACTION

10

**UNFAIR COMPETITION UNDER TEXAS COMMON LAW**

51. Marvel repeats and realleges the allegations of Paragraphs 1 through 50 above as if fully set forth herein.

52. Defendants' wrongful acts, as detailed above, constitute unfair competition under the common law of the State of Texas.

53. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged.

**FIFTH CAUSE OF ACTION**
**UNJUST ENRICHMENT UNDER TEXAS COMMON LAW**

54. Marvel repeats and realleges the allegations of Paragraphs 1 through 53 above as if fully set forth herein.

55. Defendants' unauthorized use of a confusingly similar mark and domain names has benefitted Defendants at the expense of Plaintiff.

56. At least Defendant Koba appreciated that its unauthorized use of a confusingly similar mark and domain names – particularly after receiving Plaintiff's express notice – has conferred a benefit upon Defendant at Plaintiff's expense.

57. It would be inequitable for Defendants to retain that benefit without payment to Plaintiff.

58. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged.

**SIXTH CAUSE OF ACTION**
**MISAPPROPRIATION UNDER TEXAS COMMON LAW**

59. Marvel repeats and realleges the allegations of Paragraphs 1 through 58 above as if fully set forth herein.

60. Through its extensive expenditure of time, labor, skill and money, Plaintiff developed substantial goodwill and name recognition in the minds of its customers, client and the sawing industry in its MARVEL mark and at least its marvelsaws.com domain name.

61. Defendants have gained a free ride by usurping and using Plaintiff's significant good will and name recognition to wrongfully gain special advantage.

62. By reason of the foregoing, plaintiff has been and will continue to be irreparably harmed and damaged.

### SEVENTH CAUSE OF ACTION
### CYBERSQUATTING

63. Marvel repeats and realleges the allegations of Paragraphs 1 through 62 above as if fully set forth herein.

64. On information and belief, at all relevant times, Koba had and continues to have a bad faith intent to profit from the MARVEL mark by registering, using and intending to use at least the marvel8guides.com, marvelbladeguides.com, marvelsaw.com, marvelsawparts.com, marvelsawrepair.com, marvelsawservice.com, marvelupperbandwheel.com, houstonmarvelsawrepair.com, and houstonmarvelsawservice.com domain names.

65. Defendant DPB is an agent, aider/abettor, and joint tort feasor who has facilitated, aided, abetted and/or assisted Koba in its wrongful and infringing activities

66. Koba's actions as alleged herein constitute wrongful cybersquatting under 15 U.S.C. § 1125(d).

12

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff Marvel Manufacturing Company, Inc., prays that this Court enter judgment in its favor and against Defendants Koba Internet Sales, LLC and Domains By Proxy, Inc., granting the following relief:

A.   That Defendants, their officers, partners, employees, agents, parents, subsidiaries, affiliates, attorneys, and any one acting or participating with any of them be preliminarily and permanently enjoined from:

   i.   Registering or maintaining any registration of the marvel8guides.com, marvelbladeguides.com, marvelsaw.com, marvelsawparts.com, marvelsawrepair.com, marvelsawservice.com, marvelupperbandwheel.com, houstonmarvelsawrepair.com, and houstonmarvelsawservice.com domain names and any other domain names making use of the MARVEL mark or the Marvel name;

   ii.   Using MARVEL or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the MARVEL mark or any other MARVEL trademark;

   iii.   Transferring, to any person or entity other than Marvel any domain name incorporating in whole or in part, or otherwise similar to the MARVEL mark or any other mark owned by Marvel;

   iv.   Using any names, words, designations or symbols consisting of, incorporating in whole or in part, or otherwise similar to the MARVEL mark or any other Marvel trademarks in buried code, metatags, search terms, key words, key terms, hit generating pages, or any other devices used, intended or likely to

cause any website or websites of Koba to be by any Internet search engines in response to any searches including any terms identical with or confusingly similar to the MARVEL trademark or any other Marvel trademark;

v. Otherwise infringing Marvel's federally registered or common law trademarks;

vi. Making any description or representation stating or implying that Koba's domain names of websites are in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with Marvel;

vii. Engaging in false designation of origin, false description, false advertising or false representations otherwise engaging in unfair business or deceptive trade practice or unfairly competing with Marvel;

viii. Any other conduct that is likely to cause confusion, or to cause mistake, or to deceive as to the source, affiliation, connection or association of Defendant's domain names or websites with Marvel.

B. That Defendants be ordered to disclose to the Court and Marvel all other domain name registrations owned by Koba in order to permit the Court and Marvel to consider whether any such other registrations should be subject to relief in this matter.

C. That Defendants and all persons acting in consort or participating with them be ordered to transfer to Marvel the registrations in marvel8guides.com, marvelbladeguides.com, marvelsaw.com, marvelsawparts.com, marvelsawrepair.com, marvelsawservice.com, marvelupperbandwheel.com, houstonmarvelsawrepair.com, and houstonmarvelsawservice.com and any other registrations as may be determined by the Court that is appropriate herein for relief. (15 U.S.C. § 1125 (d)(1)(c)).

D. That Defendants be ordered to instruct all search engines with which it registered any websites or web names, entered into any agreements, or to which they have submitted any such terms, to sever all connection between any names, words, designations or symbols confusingly similar to the MARVEL mark or any other Marvel trademark submitted by Defendants in any website or websites of Koba.

E. That Defendants be ordered to pay statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) per domain name (15 U.S.C. § 1117(d)).

F. That Defendants be ordered to pay Marvel all profits realized by Defendants by reason of the unlawful acts by Defendants as set forth in this Complaint (15 U.S.C. § 1117).

G. That Defendants be ordered to pay Marvel all damages suffered by Marvel by reason of Defendants' trademark infringement, and unfair competition as set forth in this Complaint (15 U.S.C. § 1117(a)).

H. That Plaintiff recover all damages it has sustained as a result of Defendants' infringement, unfair competition, dilution, unjust enrichment and misappropriations under Texas law.

H. That the Court award Marvel treble damages because of the intentional, unlawful acts of Defendants as set forth in this Complaint (15 U.S.C. § 1117(a)).

I. That Defendants be ordered to pay Marvel punitive or exemplary damages as provided by law.

J. That Defendants be required to file with this Court and serve on the undersigned counsel for Marvel within thirty (30) days after the entry of judgment a written report under oath setting forth in detail the manner in which Defendants have complied with any injunction ordered by this Court (15 U.S.C. § 1116).

K.      That Defendants be ordered to pay Marvel the cost of this action and reasonable attorneys' fees (15 U.S.C. § 1117(a)).

L.      That Marvel shall have such other relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, Marvel Manufacturing Company, Inc., hereby demands a jury trial as to the above causes of action.

Dated this 18th day of September, 2012.


By: /s/ *Stephen F. Schlather*
      Stephen F. Schlather
      Texas Bar No. 24007993
      Henry Pogorzelski
      Texas Bar No. 24007852
      COLLINS, EDMONDS, POGORZELSKI,
      SCHLATHER & TOWER, PLLC
      1616 S. Voss Road, Suite 125
      Houston, Texas 77057
      Telephone: (713) 364-2371
      Facsimile: (832) 415-2535
      sschlather@cepiplaw.com
      hpogorzelski@cepiplaw.com

      Attorneys for Marvel Manufacturing Company, Inc.

**OF COUNSEL**:

Matthew R. McClean (WI Bar No. 1041470)
Joseph S. Heino (WI Bar No. 1003931)
Patrick M. Bergin (WI Bar No. 1037754)
DAVIS & KUELTHAU, S.C.
111 E. Kilbourn Ave. Suite 1400
Milwaukee, WI 53202
Telephone: (414) 276-0200
Facsimile:  (414) 278-3663
mmcclean@dkattorneys.com
jheino@dkattorneys.com
pbergin@dkattorneys.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| MARVEL MANUFACTURING COMPANY, INC.<br><br>*Plaintiff(s)*<br>v.<br>KOBA INTERNET SALES, LLC and DOMAINS BY PROXY, INC.<br><br>*Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   DOMAINS BY PROXY, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| MARVEL MANUFACTURING COMPANY, INC.<br><br>*Plaintiff(s)*<br>v.<br>KOBA INTERNET SALES, LLC and DOMAINS BY PROXY, INC.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   KOBA INTERNET SALES, LLC


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                       _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*

Additional information regarding attempted service, etc: